UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALERIE ZIEGLER, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:12-cv-1703-WTL-MJD |
| | ) |
| ALLIED SOLUTIONS, LLC, | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's Motion for Partial Dismissal of Claims in Plaintiff's Complaint (dkt. no. 11). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The Plaintiff's employment with the Defendant was terminated in June 2011 after she was absent from work because she suffered an anxiety attack. The Plaintiff alleges that she has a disability as that term is defined by the Americans with Disabilities Act ("ADA") and that the Defendant terminated her employment because of that disability in violation of the ADA. She also alleges that the Defendant failed to provide a reasonable accommodation for her disability, also in violation of the ADA. Finally, she alleges that the termination of her employment violated the Family and Medical Leave Act.

The instant motion is directed to Count III, in which the Plaintiff asserts her failure to accommodate claim. The Defendant argues that the claim must fail because it was not included in the Plaintiff's EEOC charge. The Defendant points to the fact that the Charge of Discrimination form completed by the Plaintiff alleges "discipline due to my disability, disparate treatment due to my disability, and termination due to retaliation for coming forward with a

complaint"; it does not mention failure to accommodate or failure to engage in the interactive process.

In response, the Plaintiff acknowledges that a plaintiff generally may not bring a claim that was not included in her EEOC charge, but points out that a Plaintiff may do so "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek v. Western & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). The Plaintiff also points out that she included a handwritten letter with her EEOC intake form that clearly asserts a failure to accommodate claim, thus putting the Defendant on notice of that claim. The Defendant responds that nothing other than the Charge of Discrimination form may be considered in determining the scope of administrative exhaustion. Defendant's Reply at 3 (citing Neal v. Ind. Gaming Comm'n, L.P., No. 4:08-cv-0087-SEB-WGH, 2009 WL 5219020, at *5 n.6 (S.D. Ind. Dec. 31, 2009)). The Defendant's view of the law is too narrow, however.

> There are cases where courts have looked beyond the four corners of the EEOC charge form. "Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *See Cheek*, 31 F.3d at 502, citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110-11 (7th Cir.1992) (plaintiff's handwritten "EEOC Affidavit" submitted the same day as her EEOC charge) and *Box v. A&P Tea Co.*, 772 F.2d 1372, 1375 (7th Cir.1985) (handwritten additions to typed charge). A later case is *Sickinger v. Mega Systems, Inc.*, 951 F.Supp. 153, 157-58 (N.D.Ind.1998) (Charge Questionnaire, filled out the same day as the charge was filed, under particular circumstances where the employer could not claim surprise at the claim stated fully in the questionnaire, but not in the charge).

*Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000).

The premise of the Defendant's motion—that the Plaintiff's Count III fails to state a claim solely because the Plaintiff's Charge of Discrimination form does not assert a

2

claim for failure to accommodate—is without merit.  Accordingly, the Defendant's motion to dismiss for failure to state a claim is **DENIED**.  Because the Defendant—which is the master of its own motion—expressly argues that the Court may not consider the additional documents submitted by the Plaintiff without converting its motion to dismiss into a motion for summary judgment, and also asks the Court not to convert the motion, the Court will not do so.  Accordingly, the Court expresses no opinion regarding whether those documents demonstrate that the Plaintiff exhausted her administrative remedies with regard to Count III.  If the Defendant, after reviewing the facts and the relevant law, believes that the Plaintiff failed to exhaust as to Count III, it may raise the issue in a motion for summary judgment at the appropriate time.

    SO ORDERED:  05/03/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification